O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RUBTSOV, ANA TZUBERY, and V.R., a minor, by and through her Guardian Ad Litem, Nick Rubtsov,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, MICHAEL WATROBSKI,<br><br>　　　　Defendants. | Case No. CV 14-01839 DDP (JCx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>[DKT. NO. 12] |

　　Presently before the Court is Defendants' motion to dismiss Plaintiffs' complaint (the "Motion"). (Docket No. 12.) For the reasons stated in this Order, the Motion is GRANTED IN PART and DENIED IN PART.

**I. Background**

　　Plaintiffs Ivan Rubtsov ("Rubtsov"), Ana Tzubery ("Tzubery"), and V.R. ("V.R.") (collectively, "Plaintiffs") bring this action against the Los Angeles County Department of Children and Family Services (the "County"), County employee Michael Watrobski

("Watrobski"), and Does 1-20, alleging violations of law resulting from the inclusion of Plaintiffs' personal information in statewide databases for child abuse allegations.

Rubtsov has been married to Tzubery since some time in 2013. (Complaint ¶ 20.) V.R., a 14 year old, is the biological daughter of Rubtsov and resides with Rubtsov and Tzubery. (Id. ¶ 18.) Rubtsov was previously married to V.R.'s biological mother, Ulyana Rubtsova ("Ulyana"), but they are now divorced and Rubtsov was given legal and physical custody of V.R. in 2011; Ulyana has custody of their other two children. (Id. ¶¶ 18-19.)

Plaintiffs allege that in 2008, Rubtsov made allegations to the County against Ulyana for physical abuse and neglect of their three children. (Id. ¶ 21.) Shortly thereafter, Ulyana made allegations against Rubtsov. (Id.) A total of 11 referrals resulted against Plaintiffs, all of which were ultimately closed as either "unfounded" or "inconclusive." (Id.) Plaintiffs allege, however, that after the referrals were closed, Watrobski changed the dispositions to "conclusive" or "founded" without Plaintiffs' prior knowledge or consent. (Id.) Plaintiffs allege that Rubtsov was notified in May 2013 that the County "might have suddenly substantiated an allegation of child abuse or neglect against him" and that, as a result, he would be included in the Child Abuse Central Index ("CACI") by the California Department of Justice ("DOJ"). (Id. ¶ 24.) Plaintiffs allege that all allegations made against them have since been determined to be false. (Id.)

In 2012, Rubtsov and Tzubery applied to Penny Lane Foster Family Agency (the "Agency") to be foster parents and were approved. (Id. ¶ 28.) In May 2013, a 3 month old child was placed

2

in their home. (Id.) However, after three days, the Agency informed Plaintiffs that all three of them were included in CACI and that the Agency had been ordered by the County to remove the child from their care. (Id.) Plaintiffs also found out that their information was listed on many other state databases. (Id. ¶ 29.) Plaintiffs were told that "unless and until these matters were cleared, no children could be placed in their home, they were not approved to adopt and/or obtain guardianship of children." (Id. ¶ 30.)

In May 2013, Rubtsov requested information related to all referrals and demanded an appeal of Plaintiffs' inclusion in CACI and all other state databases. (Id. ¶ 32.) Rubtsov requested an administrative hearing and filed a request for disclosure of the documents regarding the referrals pursuant to Welfare and Institutions Code § 827. (Id. ¶¶ 33-34.) He was first told that a hearing was denied because he was not in the CACI database. (Id. ¶ 35.) However, in August 2013, the County notified Rubtsov that only *he* could have a hearing, that Tzubery and V.R. were *not* entitled to one, and that "he would have to waive his rights."[1] (Id. ¶ 36.) Plaintiffs claim that the County "failed to provide them with an opportunity to offer live testimony, call witnesses or examine those witnesses whose statements were considered by Defendants when they placed their personal information in the ... databases." (Id. ¶ 37.) Defendants told Rubtsov that there was no appeal mechanism for inclusion in databases other than CACI. (Id. ¶¶ 36-38.) V.R. was told by Defendants that there was no appeal mechanism or right to a hearing for a minor's removal from the databases. (Id. ¶ 39.)

---

[1] It is unclear what "rights" Plaintiffs allege would have to be waived.

3

Plaintiffs assert three causes of action arising out of these facts, each of which Plaintiffs bring against all Defendants: (1) 42 U.S.C. § 1983 constitutional violations (due process and right to privacy) for unlawful policies, customs, and habits; (2) civil conspiracy; and (3) intentional infliction of emotional distress ("IIED"). (Id. ¶¶ 50-65.) Defendants now seek dismissal of these causes of action under Rule 12(b)(6). (Docket No. 12.)

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

4

plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

    A. Civil Rights Claims Against County

Defendants argue that Plaintiffs have failed to state claims against the County because they have not alleged facts supporting municipal liability under Monell v. Dept. of Social Services, 436 U.S. 658 (1978). Defendants argue that Plaintiffs have failed to plead facts supporting any unlawful policy or practice of the County.

In order to survive a motion to dismiss a claim for municipal liability under Monell, a plaintiff must identify the practices and policies that he alleges are deficient, explain how such policy or practice is deficient, and explain how the deficiency caused harm to the plaintiff. Young v. City of Visalia, 687 F.Supp.2d 1141, 1149-50 (E.D. Cal. 2009). In other words, a plaintiff must allege "specific facts giving rise to a plausible Monell claim" instead of "formulaic recitations of the existence of unlawful policies, customs, or habits." Warner v. County of San Diego, 2011 WL 662993 (S.D. Cal. 2011).

Here, Plaintiffs allege that the County had "woefully inadequate policies and procedures for review of conclusive allegations of child abuse in [databases]." (Complaint ¶ 51.) In

the context of the factual allegations, it is clear that the policy or practice to which Plaintiffs refer is the failure to offer a review procedure that would allow Plaintiffs the opportunity to challenge their inclusion in the CWS/CMS database and other state databases. Plaintiffs allege that they were told that there were no procedures for challenging inclusion in databases other than CACI, and that Tzubery and V.R. were told that they could not even challenge their inclusion in CACI. (Id. ¶¶ 36-39.) Under California's statutory scheme for investigating and reporting child abuse allegations, due process requires that those individuals reported for inclusion in CACI be afforded a hearing to contest their inclusion in CACI and the evidence supporting that inclusion. Burt v. County of Orange, 120 Cal.App.4th 273, 285-86 (2004). The absence of any sort of process gives rise to a claim against the reporting municipal entity for failing to provide such process. Id. This right has also been found to apply to an individual's inclusion in CWS/CMS. Castillo v. County of Los Angeles, 959 F.Supp.2d 1255 (C.D. Cal. 2013).

    Further, Defendants allude to an argument that Plaintiffs have failed to allege any harm to their privacy interests because the databases on which their information is listed are not publically accessible. However, the inclusion of an individual's name on a child abuse registry may implicate privacy interests even where the information is not available to the general public. See Burt, 120 Cal.App.4th at 284-85. While liability will ultimately be determined by balancing the governmental interest in the intrusion on privacy against Plaintiffs' privacy rights, Plaintiffs' claim is plausibly pled for purposes of this Motion. See Castillo, 959

F.Supp.2d at 1263-64 (balancing privacy interests against government interests). Therefore, Plaintiffs have stated a plausible claim against the County for violation of their right to due process and right to privacy. The Court DENIES the Motion as to this cause of action.

B. <u>Claims Against Watrobski</u>

The only factual allegation against Defendant Watrobski, specifically, states that "[a]fter the last referrals were closed, the dispositions were changed by Defendant Watrobski to conclusive or founded, without Plaintiffs' prior knowledge or consent."[2] (Complaint ¶ 21.) Plaintiffs further state that Watrobski is "an officer, agent, and employee of Defendant ... County of Los Angeles." (<u>Id.</u> ¶ 9.) No other information is contained in the Complaint regarding Watrobski's role as an employee of the County or whether he was involved in any of the other alleged acts of "Defendants."[3]

This single alleged act, standing alone, is insufficient to state a plausible claim for personal liability against Watrobski. The complaint does not contain any allegations that Watrobski *personally* denied Plaintiffs a hearing, nor any allegations that Watrobski had no legitimate basis for changing the outcome of the

---

[2] The complaint includes many allegations that refer to acts performed by "Defendants," but it is unclear whether Plaintiffs intend to allege that Watrobski personally performed all of the alleged acts or whether Plaintiffs allege that another individual performed those acts on behalf of the County.

[3] Plaintiffs include many more allegations regarding Watrobski's actions and his role as an employee of the County in their opposition to the Motion. However, the Court does not consider these allegations in determining the resolution of this Motion, as the Court may properly consider only those allegations contained in the Complaint.

7

referrals against Plaintiffs. Further, this act alone does not establish any conspiracy between Watrobski and any other individual, nor does the act rise to the level of "extreme and outrageous conduct" that is required for an IIED claim. Therefore, the Court GRANTS the Motion and DISMISSES the claims against Watrobski WITHOUT PREJUDICE. Plaintiffs may amend to clarify which alleged acts were performed by Watrobski that support claims against him personally. Further, any amended complaint should clarify whether Plaintiffs allege that Watrobski was a policy maker for the County or whether he was merely an employee. (See Reply, Docket No. 15, p.4-5.)

Defendants also argue that Watrobski is entitled to qualified immunity for the alleged act he performed, as public employees are not liable for injuries resulting from an exercise of discretion. Cal. Gov. Code § 820.2. However, under the facts as currently alleged, it is unclear whether Watrobski performed any acts involving "discretion" that might possibly entitle him to immunity or whether he performed acts that clearly violated Plaintiffs' rights such that he may be held liable. Therefore, the Court finds that Watrobski is not entitled to immunity at this point. Upon the filing of an amended complaint that clarifies Watrobski's involvement in the alleged acts, the Court will be in a position to determine whether any entitlement to immunity might exist.

C. Civil Conspiracy Claim

Plaintiffs' civil conspiracy claim is insufficiently pled. To establish liability for a civil conspiracy claim, a plaintiff must plead facts supporting the existence of "an agreement or meeting of the minds to violate constitutional rights." Mendocino

Environmental Center v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999) (internal quotations and citations omitted). Plaintiffs' complaint contains no clear allegations regarding who allegedly participated in this conspiracy or what those individuals allegedly agreed to do. Based on the complaint, the Court and the Defendants are left to wonder: who purportedly conspired with who to achieve what purpose? Therefore, Plaintiffs' civil conspiracy claim is DISMISSED WITHOUT PREJUDICE. Upon amendment, Plaintiffs should clarify who allegedly participated in a conspiracy and what that conspiracy allegedly agreed to do that violated Plaintiffs' rights.

D. IIED Claim

Defendants do not directly challenge the sufficiency of Plaintiffs' IIED claim. The Court has determined that all claims against Watrobski are insufficiently pled, and therefore the IIED claim against Watrobski is dismissed without prejudice. However, as Defendants offer no argument as to why Plaintiffs' IIED claim is insufficiently pled against the County, the Court does not decide whether that claim is sufficient, and the cause of action remains operative as filed.

**IV. Conclusion**

For the foregoing reasons, the Motion is GRANTED IN PART and DENIED IN PART. Any amended complaint must be filed on or before July 14, 2014.

IT IS SO ORDERED.

Dated: June 30, 2014

DEAN D. PREGERSON
United States District Judge