O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RUBTSOV, ANA TZUBERY, and V.R., a minor, by and through her Guardian Ad Litem, Nick Rubtsov,<br><br>                Plaintiffs,<br><br>   v.<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, MICHAEL WATROBSKI,<br><br>                Defendants. | Case No. CV 14-01839 DDP (JCx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>[DKT. NO. 20] |

    Presently before the Court is Defendants' motion to dismiss portions of Plaintiffs' First Amended Complaint ("FAC") (the "Motion"). (Docket No. 20.) For the reasons stated in this Order, the Motion is GRANTED.

**I. Background**

    Plaintiffs Ivan Rubtsov ("Rubtsov"), Ana Tzubery ("Tzubery"), and V.R. ("V.R.") (collectively, "Plaintiffs") bring this action against the Los Angeles County Department of Children and Family Services (the "County"), County employee Michael Watrobski

("Watrobski"), and Does 1-10, alleging violations of law resulting from the inclusion of Plaintiffs' personal information in statewide databases for child abuse allegations.

Rubtsov has been married to Tzubery since 2013. (FAC ¶ 22.) V.R., a 14 year old, is the biological daughter of Rubtsov and resides with Rubtsov and Tzubery. (Id. ¶¶ 20-21.) Rubtsov was previously married to V.R.'s biological mother, Ulyana Rubtsova ("Ulyana"), but they are now divorced and Rubtsov was given legal and physical custody of V.R. in 2011; Ulyana has custody of their other two children. (Id. ¶ 21.)

Plaintiffs allege that in 2008, Rubtsov made allegations to the County against Ulyana for physical abuse and neglect of their three children. (Id. ¶¶ 23, 26.) Shortly thereafter, Ulyana made allegations against Rubtsov. (Id. ¶ 23.) A total of 11 referrals resulted, all of which were ultimately closed as either "unfounded" or "inconclusive." (Id.) Plaintiffs allege, however, that after the referrals were closed, Watrobski and Ian Rosen ("Rosen"), a social worker, changed the dispositions to "conclusive" or "founded" without Plaintiffs' prior knowledge or consent. (Id.)

In 2012, Rubtsov and Tzubery applied to Penny Lane Foster Family Agency (the "Agency") "to be foster parents, possibly adopt, and/or obtain guardianship of children" and were approved. (Id. ¶ 34.) In May 2013, an infant child was placed in their home by the Agency. (Id.) However, after three days, the Agency informed Plaintiffs that all three of them were included in the Child Abuse Central Index ("CACI") and that the Agency had been ordered by the County to remove the child from their care. (Id. ¶¶ 34, 36.) Plaintiffs allege that the Agency notified Rubtsov that Rosen and

2

1    Watrobski "might have suddenly substantiated a [2009] referral for
2    an allegation of severe child abuse or neglect against him." (Id. ¶
3    26.) Further, Plaintiffs were informed by the Agency that their
4    personal information might be in many other databases, including
5    CWS/CMS. (Id. ¶ 35.) Plaintiffs were told that "unless and until
6    these matters were cleared, no children could be placed in their
7    home, they were not approved to adopt and/or obtain guardianship of
8    children." (Id. ¶ 36.) Plaintiffs confirmed their inclusion in
9    multiple statewide databases on July 2, 2013. (Id. ¶¶ 31-33.)
10          Plaintiffs allege that the 2009 "substantiated" referral was
11   created by Watrobski and Rosen to assist Ulyana in obtaining
12   custody of all three of her children in future family law
13   proceedings. (Id. ¶¶ 27-28.) Plaintiffs allege that they were never
14   contacted or notified regarding the referral, which was for "severe
15   emotional abuse substantiated," and that Watrobski and Rosen simply
16   closed the file as "substantiated" without any contact with or
17   investigation of Plaintiffs. (Id. ¶¶ 27, 29.) Plaintiffs allege
18   that all allegations made against them have since been determined
19   to be false. (Id. ¶ 29.)
20          In May 2013, Rubtsov requested information related to all
21   referrals and demanded an appeal of Plaintiffs' inclusion in CACI
22   and all other state databases. (Id. ¶ 38.) Rubtsov requested an
23   administrative hearing and filed a request for disclosure of the
24   documents regarding the referrals pursuant to Welfare and
25   Institutions Code § 827. (Id. ¶¶ 39-40.) He was told in June 2013
26   that a hearing was denied because he was not in the CACI database.
27   (Id. ¶ 41.) However, in August 2013, the County notified Rubtsov
28   that only *he* could have a hearing, that Tzubery and V.R. were *not*

3

entitled to hearings, and that he would have to waive his due process rights. (Id. ¶ 42.) Plaintiffs allege that Watrobski indicated that Plaintiff would not have access to internal records and strongly suggested that it would be harmful to Rubtsov if he hired a lawyer but that, if he "would behave right," Watrobski might be lenient and clear Rubtsov's name. (Id.) Further, Plaintiffs allege that Defendants never told them exactly which other databases their information was contained in. (Id. ¶ 43.) Plaintiffs claim that Defendants "failed to provide them with an opportunity to offer live testimony, call witnesses or examine those witnesses whose statements were considered by Defendants when they placed their personal information in the ... databases." (Id.) Defendants told Rubtsov that there was no appeal mechanism or right to removal for inclusion in databases other than CACI. (Id. ¶¶ 44-45.) V.R. was told by Defendants that there was no appeal mechanism or right to a hearing for a minor's removal from the databases. (Id. ¶ 45.)

Plaintiffs assert three causes of action arising out of these facts, each of which Plaintiffs bring against all Defendants: (1) 42 U.S.C. § 1983 constitutional violations (due process and right to privacy) for unlawful policies, customs, and habits; (2) civil conspiracy; and (3) intentional infliction of emotional distress ("IIED"). (Id. ¶¶ 56-71.) The Court previously granted in part and denied in part Defendants' motion to dismiss Plaintiffs' original complaint. (Docket No. 18.) Defendants now seek dismissal of the FAC under Rule 12(b)(6). (Docket No. 20.)

///
///

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**[1]

Defendants do not challenge the sufficiency of the first cause of action, Plaintiffs' § 1983 claim, against the County, as the Court previously found that cause of action to be sufficiently pleaded in the original complaint. (See Docket No. 18.) Therefore, that cause of action remains operative as filed. Defendants challenge the remaining causes of action against the County and all three causes of action against Watrobski. (See Docket No. 20, p.7.)

    A. First Cause of Action Against Watrobski

Plaintiffs' original complaint was dismissed as to Defendant Watrobski due to insufficient specificity in Plaintiffs' allegations regarding Watrobski's role as an employee of the County and extremely limited factual allegations regarding Watrobski's actions. (See Docket No. 18, pp.7-8.) In the FAC, Plaintiffs provide substantially more detail on both Watrobski's role and his actions. Plaintiffs allege that Watrobski is "the CHIEF GRIEVANCE REVIEW OFFICER" for the Office of Appeals Management Division of the DCFS. (FAC ¶ 9.) Plaintiffs allege that Watrobski reviews all requests for inclusion in CACI, or that they are reviewed at his direction. (Id.) Plaintiffs allege that Watrobski is the individual who told Plaintiffs that there is no appeal for their inclusion in CWS/CMS. (Id. ¶¶ 11, 44, 45.) Further, Plaintiffs allege that Watrobski is the "final decision maker" for inclusion in or removal from the CACI database, as well as for who is entitled to a hearing

---

[1] The Court notes that Plaintiffs complain that Defendants did not provide sufficient notice, under Local Rule 7-3, before filing the Motion. Defendants are admonished that strict compliance with the Local Rules shall be expected in the future. However, the Court does not deny the Motion on the basis of this failure.

to challenge their inclusion in the databases. (Id.) Plaintiffs also allege that Watrobski, along with another DCFS employee Rosen, changed a 2009 referral from unfounded to "conclusive or founded" in 2013 without informing Plaintiffs that he was doing so or contacting them at all. (Id. ¶¶ 23, 26, 29.) Finally, Plaintiffs allege that Watrobski strongly suggested that if Rubtsov hired a lawyer to challenge his inclusion in CACI, things would become complicated, but that if Rubtsov would "behave right," Watrobski would be "lenient." (Id. ¶ 42.)

As to Plaintiffs' first cause of action, it is insufficiently alleged against Watrobski individually. Though Plaintiffs now include substantial facts in the FAC regarding Watrobski's actions, it is not at all clear what theory of liability they are asserting against Watrobski *individually* in the first cause of action, which is captioned "42 U.S.C. § 1983 Constitutional Violation - Unlawful Policies, Customs and Habits By Plaintiffs Against All Defendants," with the alleged constitutional violations being due process and right to privacy. (Id. ¶¶ 56-57.) A claim for unconstitutional custom or policy is a municipal liability claim, which may be asserted against the County only. Naming Watrobski in his official capacity, as the "final decision maker" for the County regarding the appeals process at issue, is functionally equivalent to Plaintiffs suing the County and is therefore redundant. Kentucky v. Graham, 473 U.S. 159, 165 (1985); Hartmann v. California Dep't of Corrs. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013).

To the extent that Plaintiffs wish to assert this cause of action against Watrobski in his individual capacity, Plaintiffs do not clarify in their first cause of action which acts performed by

7

Watrobski form the basis for any *individual* liability for the identified constitutional violations, rather than actions that would support Plaintiffs' municipal liability claim. Because the first cause of action uses the language of "custom" and "policy" repeatedly and makes no specific mention of Defendant Watrobski, it appears that Plaintiffs do not intend to sue Watrobski in his individual capacity as to this cause of action. Therefore, the Court GRANTS the Motion as to Plaintiffs' first cause of action against Watrobski WITHOUT PREJUDICE. Should Plaintiffs seek to sue Watrobski individually for constitutional violations, Plaintiffs must amend accordingly.

### B. Second Cause of Action: Civil Conspiracy

Plaintiffs' civil conspiracy claim is insufficiently pled. To establish liability for a civil conspiracy claim, a plaintiff must plead facts supporting the existence of "an agreement or meeting of the minds to violate constitutional rights." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999) (internal quotations and citations omitted). It is still unclear from the FAC who, besides Defendant Watrobski, was allegedly part of the conspiracy. Plaintiff's allegations involve specific acts allegedly committed by Watrobski, but no other identified defendant is alleged to have performed any acts in furtherance of a "conspiracy" to violate Plaintiffs' rights; indeed, the only identified defendants in this action are Watrobski and the County. Therefore, Plaintiffs' civil conspiracy claim is DISMISSED WITHOUT PREJUDICE. Upon amendment, Plaintiffs should clarify who allegedly participated in a conspiracy and what that conspiracy allegedly agreed to do that violated Plaintiffs' rights.

C. <u>Third Cause of Action: IIED</u>

Plaintiffs' claim for intentional infliction of emotional distress ("IIED") is insufficiently pleaded. The tort of IIED requires "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." <u>Davidson v. City of Westminster</u>, 32 Cal.3d 197, 209 (1982). The conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." <u>Id.</u>

Plaintiffs have not pleaded facts, nor provided any analogous cases in their arguments, that establish that the conduct complained of here is sufficiently extreme or outrageous to support an IIED claim against either the County or Watrobski. Plaintiff's sole argument in opposition to the Motion is to complain that Defendants did not challenge the sufficiency of the IIED claim in their motion to dismiss the original complaint. However, contrary to Plaintiffs' contention, Defendants may challenge the sufficiency of this cause of action in the currently operative First Amended Complaint. Therefore, the Court would GRANT the Motion as to this cause of action WITHOUT PREJUDICE.

///
///
///

**IV. Conclusion**

For the foregoing reasons, the Motion is GRANTED. Any amended complaint must be filed on or before November 21, 2014.[2]

IT IS SO ORDERED.

Dated: November 5, 2014

DEAN D. PREGERSON
United States District Judge

---

[2] Alternatively, Plaintiffs indicated in their opposition that they may simply seek to move forward with those causes of action that are sufficiently pleaded in the First Amended Complaint. Plaintiffs' first cause of action against the County is sufficiently alleged and therefore remains operative. Should Plaintiffs decide not to amend their complaint, the action will still move forward as to that cause of action.

10