1

2

3                                                                    O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   IVAN RUBTSOV, ANA TZUBERY,      )   Case No. CV 14-01839 DDP (JCx)
     and V.R., a minor, by and      )
12   through her Guardian Ad         )   **ORDER GRANTING DEFENDANTS' MOTION**
     Litem, Nick Rubtsov,            )   **TO DISMISS SECOND AMENDED**
13                                   )   **COMPLAINT**
                    Plaintiffs,      )
14                                   )   [DKT. NO. 30]
          v.                         )
15                                   )
     LOS ANGELES COUNTY              )
16   DEPARTMENT OF CHILDREN AND      )
     FAMILY SERVICES, MICHAEL        )
17   WATROBSKI,                      )
                                     )
18                  Defendants.      )
     _____)

19

20        Presently before the Court is Defendants' motion to dismiss

21   Plaintiffs' Second Amended Complaint ("SAC").  Having considered

22   the submissions of the parties, the court grants the motion and

23   adopts the following Order.

24   **I. Background**

25        As described in this court's earlier Orders, Plaintiffs Ivan

26   Rubtsov ("Rubtsov"), Ana Tzubery ("Tzubery"), and Rubtsov's

27   daughter, minor V.R. ("V.R.") (collectively, "Plaintiffs") bring

28   this action against the Los Angeles County Department of Children

1  and Family Services (the "County"), DCFS grievance review officer

2  Michael Watrobski ("Watrobski"), and Doe defendants, alleging

3  violations of law resulting from the inclusion of Plaintiffs'

4  personal information in statewide databases for child abuse

5  allegations.

6      Rubtsov and his wife, Tzubery, reside with Rubtsov's fourteen

7  year-old daughter, V.R.  Rubtsov's ex-wife, Ulyana Rubtsova

8  ("Ulyana"), has custody of Rubtsov's other two children.

9      Plaintiffs allege that in 2008, Rubtsov made allegations to

10 the County against Ulyana of physical abuse and neglect of their

11 three children. (SAC ¶ 25.) Ulyana made similar allegations against

12 Rubtsov. (Id.) Ultimately, eleven resulting referrals with respect

13 to Rubtsov were closed as unfounded or inconclusive.[1]  (Id.)

14 Nevertheless, Plaintiffs allege that Defendant Watrobski and

15 nonparty Ian Rosen, a social worker, changed certain of the

16 dispositions to "conclusive or founded" against Rubtsov.  (SAC ¶

17 26.)

18     In 2012, Rubtsov and Tzubery applied to Penny Lane Foster

19 Family Agency (the "Agency") "to be foster parents, possibly adopt,

20 and/or obtain guardianship of children," and were approved. (SAC ¶

21 39.)  In May 2013, an infant child was placed in Plaintiffs' home

22 by the Agency. (Id.) However, after three days, the Agency removed

23 the infant from Plaintiffs' home and informed Plaintiffs that their

24 names were listed in at least one, and possible several, databases

25

26     [1] The SAC alleges that the referrals "as to Plaintiff Rubtsova
   were closed."  Rubtsova, Plaintiff Rubtsov's ex-wife, is not a
27 party to this action.  The court presumes this allegation to
   include a typographical error, and that the SAC refers to Plaintiff
28 Rubtsov, not Rubtsova, as the SAC later alleges that Rubtsova was
   convicted of misdemeanor false imprisonment.  (SAC ¶ 30.)

of potential child abusers.  Plaintiffs later confirmed that they were included in the Child Abuse Central Index ("CACI"), Child Welfare System/Case Management System ("CWS/CMS"), and other databases.  (SAC ¶ 36.)  The Agency told Plaintiffs that, because of their inclusion in the databases, Plaintiffs could not be foster parents, adopt children, or work with children.  (SAC ¶ 41.) Someone at the Agency informed Rubtsov that Defendant Watrobski and Rosen substantiated a 2009 referral for severe child abuse or neglect against Rubtsov.  (SAC ¶ 31.)

Plaintiffs allege, upon information and belief, that nonparty Rosen created the referral to help Rubtsov's ex-wife, Rubtsova, obtain custody of the couple's children.  (SAC ¶ 33.)  Following the removal of the infant from Plaintiffs' home, Rubtsov requested information and a hearing regarding Plaintiffs' inclusion in the databases.  The hearing request was initially denied.  Plaintiffs allege that Rubtsov was told he was not in the CACI database, and therefore was not entitled to a hearing.  (SAC ¶ 46.)  Later, Defendant Watrobski allegedly told Rubtsov that Rubtsov could have a CACI hearing, but only if Rubtsov waived certain rights, and that the other Plaintiffs would remain in the databases regardless of the outcome of Rubtsov's hearing.  (SAC ¶ 47.)  Plaintiffs also allege that DCFS Manager Xavier Rosales, a nonparty to this action, told Rubtsov that he was not entitled to information about the 2009 referral and that the County "could take Plaintiffs' children at any time."  (SAC ¶¶ 46, 48.)  Plaintiffs allege that they have not had an opportunity to meaningfully challenge their inclusion in the databases.

3

1    Plaintiffs originally asserted causes of action for (1) "42
2    U.S.C. § 1983 constitutional violations for unlawful policies,
3    customs, and habits;" (2) civil conspiracy; and (3) intentional
4    infliction of emotional distress ("IIED") against both the County
5    and Watrobski.  The court dismissed all causes of action against
6    Watrobski, with leave to amend, but allowed the first cause of
7    action to proceed against the County.  Plaintiffs then filed a
8    First Amended Complaint.  On Defendants' motion, the court again
9    dismissed all claims against Watrobski, and dismissed all but the
10   first cause of action as to the County.  The court again granted
11   Plaintiffs leave to amend.

12       Plaintiff's SAC, unlike previous iterations of their
13   complaint, alleges six causes of action for: (1) 42 U.S.C. § 1983
14   violations, "Unlawful Policies, Customs and Habits against
15   Defendant County . . .;" (2) 42 U.S.C. § 1983 violations, "Unlawful
16   Policies, Customs and Habits . . . As Against All Individual
17   Defendants;" (3) Civil Conspiracy against all individual
18   defendants;(4) IIED; (5) California Civil Code § 43 violations; and
19   (6) California Civil Code § 52.1 violations.  Defendants once again
20   move to dismiss portions of the SAC.

21   **II. Legal Standard**

22       A complaint will survive a motion to dismiss when it contains
23   "sufficient factual matter, accepted as true, to state a claim to
24   relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S.
25   662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,
26   570 (2007)). When considering a Rule 12(b)(6) motion, a court must
27   "accept as true all allegations of material fact and must construe
28   those facts in the light most favorable to the plaintiff." <u>Resnick</u>

4

1  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint
2  need not include "detailed factual allegations," it must offer
3  "more than an unadorned, the-defendant-unlawfully-harmed-me
4  accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or
5  allegations that are no more than a statement of a legal conclusion
6  "are not entitled to the assumption of truth." Id. at 679. In other
7  words, a pleading that merely offers "labels and conclusions," a
8  "formulaic recitation of the elements," or "naked assertions" will
9  not be sufficient to state a claim upon which relief can be
10 granted. Id. at 678 (citations and internal quotation marks
11 omitted).

12     "When there are well-pleaded factual allegations, a court
13 should assume their veracity and then determine whether they
14 plausibly give rise to an entitlement of relief." Id. at 679.
15 Plaintiffs must allege "plausible grounds to infer" that their
16 claims rise "above the speculative level." Twombly, 550 U.S. at
17 555. "Determining whether a complaint states a plausible claim for
18 relief" is a "context-specific task that requires the reviewing
19 court to draw on its judicial experience and common sense." Iqbal,
20 556 U.S. at 679.

21 **III. Discussion**

22     A.   Section 1983 Claim Against Watrobski Individually

23     As explained in this court's earlier Order, a claim for
24 unconstitutional custom or policy is a municipal liability claim,
25 which may be asserted against the County only.  The court therefore
26 dismissed Plaintiffs' § 1983 claims against Watrobski in his
27 official capacity as redundant of Plaintiffs' claims against the
28 County.  See Kentucky v. Graham, 473 U.S. 159, 165 (1985); Hartmann

1 v. California Dep't of Corrs. & Rehab., 707 F.3d 1114, 1127 (9th
2 Cir. 2013).

3      In granting Plaintiffs leave to amend, the court noted that
4 Plaintiffs could not assert claims against Watrobski in an
5 individual capacity solely by reference to customs, policies, and
6 acts relevant to Plaintiffs' municipal liability claim, but rather
7 would have to identify which of Watrobski's acts form the basis for
8 a claim against him in an individual capacity.  Plaintiffs' SAC,
9 however, does little to rectify the deficiencies that led to
10 dismissal of individual constitutional claims against Watrobski.

11      First, the SAC once again names Defendant Watrobski in both
12 his individual and official capacities.  The Second Cause of Action
13 for civil rights violations is brought against "All Individual
14 Defendants."  Because the SAC names no other individual Defendants,
15 Plaintiffs presumably refer to Watrobski.  As already explained, a
16 claim against Watrobski individually, in his official capacity, is
17 duplicative of Plaintiffs' First Cause of Action against the
18 County.  Furthermore, it is unclear whether Plaintiffs bring this
19 claim against Watrobski in his individual or official capacity, as
20 the Second Cause of Action, though brought against "All Individual
21 Defendants," is avowedly premised upon "unlawful policies, customs
22 and habits."  As explained in this court's earlier Order, policies,
23 customs, and habits are relevant to Plaintiffs' municipal liability
24 claim, and not to their claim against any individuals in individual
25 capacities.

26      In addition, although the substance of the Second Cause of
27 Action does refer to certain specific acts, rather than policies or
28 customs, it is unclear to whom those allegations pertain.  Indeed,

1   although framed as a claim against individuals, the Second Cause of

2   action does not mention any specific person.  As Watrobski is the

3   only individual actually named in the SAC, one might assume that

4   the acts described in the Second Cause of Action are all intended

5   to be attributed to him.  That, however, does not appear to be the

6   case.  Allegations of a threat to remove Plaintiff V.R. from

7   Rubtsov's care, for example, pertains not to Watrobski, but to

8   Rosales, who is not named as a Defendant anywhere in the SAC, let

9   alone named in the Second Cause of Action (SAC ¶ 48.)  Given

10  Plaintiffs' continued conflation of municipal liability claims with

11  individual liability claims, and failure to identify with any

12  specificity who did what, the Second Cause of Action must be

13  dismissed.

14        B.  Civil Conspiracy

15        Like the Second Cause of Action, Plaintiffs' Third Cause of

16  Action for Civil Conspiracy is brought against "All Individual

17  Defendants."  The court need not belabor that the SAC identifies

18  but a single individual Defendant, Watrobski.  The Civil Conspiracy

19  claim alleged in the SAC is virtually identical to that of the FAC,

20  which the court dismissed for failure to identify any individual

21  with whom Watrobski conspired.  The SAC again vaguely and

22  conclusorily states that unnamed "Defendants," plural, conspired to

23  falsely substantiate allegations of child abuse against Plaintiffs.

24  (SAC ¶ 80.)  Although the Third Cause of Action does incorporate

25  certain factual allegations by reference, such incorporation does

26  not aid Plaintiffs.  The SAC does not clarify which of the

27  incorporated allegations are relevant to the civil conspiracy

28  claim.  The mere fact that other individuals are alleged to have

7

1   done certain other things, such as Rosales' conversations with the

2   Plaintiffs or Rosen's unspecified actions, is not sufficient,

3   without any explained connection to any of Watrobski's acts, to

4   support the existence of "an agreement or meeting of the minds to

5   violate constitutional rights." <u>Mendocino Envtl. Ctr. v. Mendocino</u>

6   <u>County</u>, 192 F.3d 1283, 1301 (9th Cir. 1999) (internal quotations

7   and citations omitted).  Plaintiffs' contention that discovery will

8   reveal the necessary information (Opp. at 8.) cannot sustain the

9   Third Cause of Action in the absence of specific facts establishing

10   a plausible claim for civil conspiracy.  <u>See</u> <u>Ismail v. Ford</u>, No. SA

11   CV 10-901-VBF, 2014 WL 1681993 at *18 (C.D. Cal. Apr. 29, 2014).

12         C.   Intentional Infliction of Emotional Distress

13         Intentional infliction of emotional distress requires "(1)

14   extreme and outrageous conduct by the defendant with the intention

15   of causing, or reckless disregard of the probability of causing,

16   emotional distress; (2) the plaintiff's suffering severe or extreme

17   emotional distress; and (3) actual and proximate causation of the

18   emotional distress by the defendant's outrageous conduct." <u>Davidson</u>

19   <u>v. City of Westminster</u>, 32 Cal.3d 197, 209 (1982). The conduct

20   "must be so extreme as to exceed all bounds of that usually

21   tolerated in a civilized society." <u>Id.</u>

22         This court concluded that the allegations of the FAC did not

23   rise to the level of extreme or outrageous conduct necessary to

24   support an IIED claim against either the County or Watrobski.  The

25   allegations of the SAC do not differ in any material way.  Although

26   Plaintiff's opposition argues that Watrobski "ordered the stealing

27

28

1   of a child," that allegation does not appear anywhere in the SAC.[2]

2   Plaintiffs' IIED claim is, therefore, again dismissed.

3          D.    Remaining Claims

4          In dismissing claims, or portions thereof, in Plaintiffs' FAC,

5   the court granted Plaintiffs leave to amend those claims.

6   Plaintiffs did not seek, nor did the court grant, leave to amend

7   the complaint to add new claims.   Nevertheless, Plaintiffs' SAC

8   does include two new causes of action under the California Civil

9   Code.   In any event, however, Plaintiffs have not substantively

10  opposed Defendants' motion to dismiss those claims, beyond arguing,

11  unpersuasively, that the new claims fall within the scope of this

12  court's leave to amend.   For those reasons, Plaintiffs' Fifth and

13  Sixth Causes of Action are DISMISSED.

14  **IV. Conclusion**

15         For the reasons stated above, Defendants' Motion to Dismiss is

16  GRANTED.   Plaintiffs' claims are dismissed, with the exception of

17  Plaintiffs' First Cause of Action.   Plaintiffs are granted leave to

18  amend one final time with respect to their claims against Watrobski

19  in his individual capacity and for civil conspiracy.   The IIED

20  claim against Watrobski is dismissed with prejudice.   Any amended

21  ///

22  ///

23  ///

---

27      [2] Rosales, who is not named as a defendant, is alleged to have

28  stated that the County could take away Rubtsov's children at any
    time.

9

complaint shall be filed within fourteen days of the date of this

Order.   Alternatively, Plaintiffs may, if they so choose, proceed

with their First Cause of Action alone.

IT IS SO ORDERED.

Dated: May 12, 2015

DEAN D. PREGERSON
United States District Judge